# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD AND DIRECTORS OF COALINGA STATE HOSPITAL, et al.,<br><br>    Defendants. | 1:14-cv-00731-BAM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

Plaintiff Bruce Wayne Miller ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on May 6, 2014. The matter was transferred to this Court on May 15, 2014. Plaintiff complaint, filed on May 6, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.  Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## I.   Allegations in Complaint

Plaintiff alleges he is a civil detainee under California Civil Code 6600 with no probable cause to be in a state hospital. Plaintiff further alleges that on May 26, 2010, the SVPA evaluations and probable cause were "struck out" in the Superior Court of San Francisco. Plaintiff contends that he has presented such information to the social worker and the hospital administration, but the hospital has refused to accept and to acknowledge the legal facts that were granted by the Superior Court of San Francisco. Plaintiff requests release from Coalinga State Hospital and compensatory damages.

## II.   Discussion

Plaintiff appears to indicate that he is civilly committed pursuant to California's Sexually Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code § 6604 *et seq*. If Plaintiff is challenging his commitment to Coalinga State Hospital, then his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct., 36 L.Ed.2d 439 (1973); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement), cert. denied, 547 U.S. 1166, 126 S.Ct. 2325, 164 L.Ed.2d 844 (2006); cf. Townsend v. California, 2013 WL 2665866, *2 (E.D. Cal. Jun. 12, 2013) (remedy for invalidating Mentally Disordered Offender commitment in federal court and obtaining release from Coalinga State Hospital was a habeas petition; discussing application of same remedy for invalidating commitment under California's Sexually Violent Predator Act). Plaintiff's sole federal remedy to invalidate his civil commitment under the SVPA and to obtain release from Coalinga State Hospital is a habeas petition. See, Huftile, 410 F.3d at 1139-40.

To the extent Plaintiff is seeking damages in this section 1983 action, he must first demonstrate that he has invalidated his civil commitment. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If the judgment would imply the invalidity of the prisoner's conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit Court of Appeals has held that the "favorable termination" rule of Heck applies to SVPA detainees with access to habeas relief. Huftile 410 F.3d at 1140. Heck therefore requires a civilly committed individual to invalidate his civil commitment before pursuing a section 1983 damages claim implying that his civil commitment is invalid. Id.

Here, Plaintiff alleges that he has been civilly committed pursuant to the SVPA. Although he alleges that the SVPA evaluations and probable cause were "struck out" in Superior Court, Plaintiff's characterization is not sufficient to demonstrate that his civil commitment has been invalidated. Plaintiff will be given leave to amend his complaint to cure this deficiency.

### III.   Conclusion and Order

For the above reasons, Plaintiff fails to state a claim for relief pursuant to 42 U.S.C. § 1983. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent that he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 23, 2014**          /s/ Barbara A. McAuliffe          
                                       UNITED STATES MAGISTRATE JUDGE

4